■ YOURLEE LADD, an Infant, by MATTIE VAN BUREN, Her Guardian ad Litem, et al., Appellants, v. CITY OF LACKAWANNA, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: The plaintiffs established a prima facie case, and therefore the issue should have been submitted to the jury. It appears that the Trial Judge was under the misapprehension that if he would have had to set aside a verdict for the plaintiffs as against the weight of the evidence, he was justified and authorized to dismiss the complaint. This, of course, is not the law. Furthermore, it was error not to receive in evidence plaintiffs' Exhibit 2 for identification. The swing had been identified as the one

used by the infant plaintiff. There was testimony that one of the chains, which the picture definitely shows was broken, was in the same condition as at the time of the accident. Apparently the picture was denied admission because it was taken a day and a half after the accident. This is an important exhibit which supports the testimony produced by the plaintiffs to the effect that one of the chains broke and caused the accident. There was one defect in the plaintiffs' proof. There was nothing produced in court to support the allegation in the complaint that a notice of claim required by section 50-e of the General Municipal Law had been served. The answer denied service of such notice, but we place little reliance upon the answer because it denied each and every allegation in the plaintiffs' complaint. This, although the complaint contained allegations, among others, that Mattie Van Buren had been appointed guardian ad litem for the infant plaintiff, that the City of Lackawanna was a municipal corporation, that it owned and operated the playground in question. We have criticized similar tactics before. (*Barbetta* v. *Costa,* 15 A D 2d 720.) Apparently this general denial was prepared on the theory that the plaintiffs' complaint was not verified and, therefore, verification of the answer was not required. However, attorneys owe more to adversaries and to the courts than this. Therefore, before the case is retried, the defendant should serve an appropriate amended answer, giving consideration and thought to the fact that, whether verified or not, an effort should be made to ascertain the truth of the allegations of the complaint before they are denied. This is particularly so as to matters of public record and general knowledge. (Appeal from judgment of Erie Trial Term dismissing the complaint on the merits, in a negligence action.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.